SEP 3 '26 AM9:33
RCV'D - USDC FLO SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

JAMES R. WATSON, JR.,

Plaintiff,

v. Civil Action No. ____________

UNITED STATES POSTAL SERVICE,

Defendant.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF,
PROTECTION OF ACCESS TO THE COURTS,
PRESERVATION OF EVIDENCE,
AND OTHER RELIEF AUTHORIZED BY LAW

Plaintiff James R. Watson, Jr., proceeding pro se, brings this action concerning repeated and continuing irregularities involving legal mail entrusted to the United States Postal Service for transmission to courts and governmental entities.

Plaintiff alleges as follows:

I. PARTIES

1. Plaintiff James R. Watson, Jr. resides in Florence County, South Carolina.
2. Plaintiff proceeds pro se in judicial proceedings and relies upon the United States Postal Service ("USPS") for transmission of pleadings, notices, briefs, petitions, service copies, and other legal documents when electronic transmission is unavailable or inappropriate.
3. Defendant United States Postal Service is an independent establishment of the executive branch of the United States Government and possesses the statutory authority to sue and be sued.

II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 39 U.S.C. § 409(a), which provides federal district courts original jurisdiction over actions brought by or against USPS, except as otherwise provided by law.
5. Plaintiff additionally invokes 28 U.S.C. § 1331 to the extent this action presents federal questions concerning Plaintiff's ability to communicate reliably with federal courts and seeks relief authorized by federal law.
6. Plaintiff invokes 28 U.S.C. §§ 2201 and 2202 for declaratory and further relief to the extent an independent basis of federal jurisdiction exists.

7. Plaintiff seeks equitable relief under the Postal Reorganization Act, including 39 U.S.C. §§ 401 and 409, only to the extent those provisions and other applicable federal law authorize such relief.
8. Plaintiff does not contend that any cited statute waives sovereign immunity for relief that Congress has expressly prohibited.
9. Venue is appropriate in this District because Plaintiff resides in Florence County and substantial portions of the conduct described herein occurred in or involved USPS facilities located in Florence and Columbia, South Carolina.

III. NATURE OF ACTION

10. This action does not arise merely from dissatisfaction with ordinary postal delays.
11. Plaintiff alleges a recurring series of processing, scanning, routing, tracking, destination, and delivery irregularities affecting correspondence connected to judicial proceedings.
12. The intended recipients have included the Supreme Court of the United States in Washington, D.C., the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia, South Carolina appellate proceedings, attorneys participating in Plaintiff's cases, and governmental entities.
13. Plaintiff has experienced instances in which legal mail:

a. failed to receive expected processing scans;

b. ceased showing normal tracking movement;

c. remained listed as "In Transit to Next Facility" for extended periods;

d. was allegedly lost;

e. reflected conflicting destination or routing information;

f. required Plaintiff to use alternative methods of service; or

g. otherwise generated uncertainty concerning whether time-sensitive legal correspondence would reach its intended recipient.

14. Plaintiff has repeatedly reported such incidents to USPS and requested investigation.
15. Plaintiff presently lacks access to USPS's complete internal processing records and therefore does not allege as an established fact that any particular employee or coordinated group intentionally interfered with his mail.
16. Plaintiff alleges instead that the recurring circumstances warrant preservation of evidence, investigation, and lawful discovery to determine whether the incidents resulted from ordinary error, systemic deficiencies, negligence, unauthorized employee conduct, intentional interference, coordinated activity, or another cause.

IV. EARLIER INCIDENTS AND SERVICE REQUEST

17. Before the most recent incidents, Plaintiff experienced problems involving legal correspondence associated with federal judicial proceedings.
18. Plaintiff made reports to USPS concerning those incidents.
19. A prior related USPS Service Request was assigned No. 89814925.
20. Plaintiff thereafter continued to experience irregularities involving legal mail.

## V. JULY 31, 2026 SUPREME COURT MAILING INCIDENT

21. On or about July 31, 2026, Plaintiff communicated with USPS concerning a tracked mailing intended for the Clerk of the Supreme Court of the United States in Washington, D.C.
22. During communications with USPS, Plaintiff received conflicting information concerning the physical location and/or electronically recorded destination associated with the mailpiece.
23. Plaintiff maintained that the physical mailing information reflected the intended Supreme Court destination.
24. Plaintiff separately contacted Stamps.com, the third-party postage provider involved in generating the mailing information.
25. A Stamps.com representative reviewed the information maintained by Stamps.com.
26. Plaintiff was informed that the Stamps.com system reflected the intended destination in Washington, D.C., and that the representative identified no destination error in the Stamps.com records.
27. Plaintiff therefore sought further USPS review concerning the conflict between the mailing information and the information communicated through USPS channels.
28. The issue was escalated through USPS customer service and management and was referred for further postal investigation.

## VI. TRACKING NUMBERS SUBJECT TO THE RECURRING PROBLEM

29. Plaintiff has identified the following tracking numbers for investigation and preservation:

a. 9407111899561326398321;

b. 9407111899561326398352;

c. 9407111899561326398314;

d. 9407111899561326085689;

e. 9407111899561326028013;

f. 9407111899561326028372;

g. 70223330000070092226;

h. 70223330000070092233;

i. 70223330000070092240; and

j. 9407111899561320918167.

30. Plaintiff requests that the records associated with these mailpieces ultimately be considered individually and collectively in determining whether the incidents are unrelated postal events or evidence of a recurring processing or handling problem.

VII. AUGUST 28, 2026 CERTIFIED MAILINGS

31. On August 28, 2026, Plaintiff presented three Certified Mail items to USPS at the Federal Florence postal facility in Florence, South Carolina.
32. USPS documentation identifies:

a. Tracking No. 70223330000070092226;

b. Tracking No. 70223330000070092233; and

c. Tracking No. 70223330000070092240.

33. USPS documentation reflects acceptance of these items in Florence.
34. The mailings concerned governmental or judicial destinations, including Washington, D.C., Columbia, South Carolina, and the Supreme Court of the United States.

VIII. SUPREME COURT MAILING — TRACKING NO. 70223330000070092226

35. Tracking No. 70223330000070092226 concerned correspondence intended for the Clerk of the Supreme Court of the United States.
36. Plaintiff's available tracking information reflects:

a. August 28, 2026, approximately 10:33 a.m. — "USPS in possession of item" in Florence, South Carolina;

b. August 28, 2026, approximately 12:05 p.m. — "Departed Post Office" in Florence, South Carolina; and

c. August 30, 2026 — "In Transit to Next Facility."

37. The tracking information available to Plaintiff thereafter did not reflect ordinary destination processing or final delivery.
38. Plaintiff sought USPS assistance concerning the item.

IX. USPS SERVICE REQUEST NO. 90913781 AND USPS ACKNOWLEDGMENTS

39. Plaintiff pursued USPS Service Request No. 90913781 concerning certified legal mail.
40. USPS Consumer Affairs for the South Carolina District subsequently informed Plaintiff that the Service Request had been closed.

41. USPS acknowledged that a Certified Mail item had not arrived at its destination.
42. USPS further stated that its search had been unsuccessful in locating the item and that USPS reluctantly concluded that the item might be irretrievably lost.
43. Plaintiff subsequently provided additional tracking information and requested further review.
44. On September 1, 2026, USPS Consumer Affairs informed Plaintiff that two of the Certified Mail letters had been delivered.
45. USPS specifically stated that Tracking No. 70223330000070092226, destined for Washington, D.C., had not been delivered and had not shown movement.
46. USPS further stated that Consumer Affairs contacted the Florence office to search for the item and placed an alert on the mailpiece.
47. Plaintiff continued requesting updated scan information and an updated service-request reference.

X. SEPARATE SOUTH CAROLINA APPELLATE LEGAL-MAIL INCIDENT

48. Plaintiff experienced an additional incident in South Carolina Court of Appeals Case No. 2026-001537.
49. On August 14, 2026, Plaintiff tendered an envelope containing appellate documents to USPS in Florence, South Carolina, for transmission in connection with service upon counsel for the respondent.
50. USPS assigned Tracking No. 9407111899561320918167.
51. The available tracking record reflects:

a. approximately 7:59 a.m. on August 14 — USPS possession in Florence;

b. approximately 8:10 a.m. — departure from the Florence Post Office; and

c. by August 17 — "In Transit to Next Facility, Arriving Late."

52. Because the correspondence had not reached its intended destination through ordinary USPS delivery, Plaintiff took additional measures to protect the appellate proceeding.
53. On August 25, 2026, Plaintiff personally hand-delivered the appellate documents to counsel for the respondent.
54. Plaintiff obtained written acknowledgment of the hand delivery.
55. Plaintiff subsequently filed a Notice Regarding USPS Mail Delay and Completion of Service by Hand Delivery with the South Carolina Court of Appeals.
56. Plaintiff alleges this incident constitutes another documented example in which legal correspondence accepted by USPS in Florence failed to reach its destination in the expected course and required Plaintiff to use an alternative method of service.

XI. RECURRING NATURE OF THE PROBLEM

57. Plaintiff alleges that the incidents described above are not limited to one isolated mailpiece.
58. Multiple incidents involve correspondence associated with judicial proceedings.

59. Multiple incidents originated in or were processed through Florence and/or Columbia, South Carolina.
60. Intended destinations have included judicial institutions outside South Carolina.
61. Plaintiff alleges that this recurring pattern has substantially diminished his confidence in his ability to reliably transmit time-sensitive legal correspondence through USPS.
62. Plaintiff does not ask this Court to infer criminal activity merely from delay or loss of mail.
63. Plaintiff instead asks that the available evidence determine whether the incidents resulted from ordinary postal processing errors, systemic deficiencies, negligent handling, unauthorized interference, intentional conduct, coordinated conduct, or another cause.

## XII. EFFECT ON ACCESS TO THE COURTS

64. Plaintiff proceeds without counsel in multiple judicial proceedings.
65. Plaintiff relies upon USPS to transmit legal documents where electronic filing is unavailable, inaccessible, or inappropriate.
66. Accurate and reliable transmission is particularly important in appellate and Supreme Court proceedings involving filing requirements, service requirements, and deadlines.
67. Plaintiff alleges that the repeated incidents have caused him to expend substantial additional time and resources:

a. tracing legal mail;

b. contacting USPS and third-party postage providers;

c. opening service requests;

d. communicating with Consumer Affairs;

e. replacing or resending correspondence;

f. personally hand-delivering documents;

g. preparing notices to courts documenting postal delays; and

h. attempting to determine whether legal filings actually reached their intended destinations.

68. Plaintiff alleges that the continuing uncertainty has materially burdened his ability to communicate reliably with judicial institutions.
69. Plaintiff alleges a continuing risk of similar injury because he remains involved in proceedings requiring transmission of legal documents.

## XIII. COUNT I — DECLARATORY AND PROSPECTIVE EQUITABLE RELIEF

70. Plaintiff incorporates paragraphs 1 through 69.

71. Plaintiff alleges an actual and continuing controversy concerning repeated irregularities affecting his legal correspondence entrusted to USPS.
72. Plaintiff seeks a declaration of the parties' respective legal rights and obligations only to the extent such relief is authorized by federal law.
73. Plaintiff seeks prospective equitable relief against unlawful interference with his legal mail if such interference is established.
74. Plaintiff does not request this Court to manage ordinary day-to-day postal operations.
75. Plaintiff seeks narrowly tailored relief sufficient to protect lawful transmission of his legal correspondence and prevent continuing unlawful interference if established through evidence.

## XIV. COUNT II — ACCESS TO COURTS / CONSTITUTIONAL EQUITABLE CLAIM

76. Plaintiff incorporates paragraphs 1 through 75.
77. Plaintiff alleges that meaningful access to judicial proceedings includes the ability to transmit documents required by courts and rules of procedure.
78. Plaintiff alleges that repeated unexplained interference with, loss of, or disruption of legal correspondence can substantially burden meaningful access to judicial processes.
79. Plaintiff alleges that the incidents described herein have required remedial action and have interfered with reliable transmission of his legal materials.
80. Plaintiff seeks prospective equitable and declaratory relief only, rather than constitutional damages against USPS, under this Count.

## XV. PRESERVATION OF EVIDENCE

81. Plaintiff alleges that USPS possesses or may possess evidence unavailable through public tracking.
82. Potentially relevant evidence includes:

a. complete internal scan histories;

b. acceptance and induction records;

c. routing information;

d. electronic destination information;

e. processing exceptions;

f. address corrections;

g. return-to-sender information;

h. available images of mailpieces or labels;

i. facility processing records;

j. records of searches for missing items;

k. records concerning alerts placed on items;

l. Service Request Nos. 89814925 and 90913781; and

m. records concerning Plaintiff's communications with USPS personnel.

83. Plaintiff requests preservation of such evidence in accordance with applicable law and the Federal Rules of Civil Procedure.

XVI. DAMAGES AND LIMITATIONS

84. Plaintiff alleges actual injury including additional mailing expenses, replacement-mailing expenses, transportation and hand-delivery expenses, litigation-related expenses caused by documented delivery problems, and substantial expenditure of time addressing the recurring incidents.
85. Plaintiff further alleges frustration, anxiety, inconvenience, mental anguish, and disruption associated with uncertainty concerning whether time-sensitive legal documents will reach their intended destinations.
86. Plaintiff recognizes that sovereign-immunity limitations, including statutory limitations applicable to claims arising from the loss, miscarriage, or transmission of postal matter, may restrict monetary relief.
87. Plaintiff therefore seeks monetary damages only to the extent authorized by law and supported by an applicable waiver of sovereign immunity.
88. Plaintiff does not presently assert that an ordinary USPS customer-service complaint constitutes exhaustion of an administrative claim under the Federal Tort Claims Act.
89. Plaintiff reserves the right to seek leave to amend if administrative exhaustion, investigation, or discovery establishes an additional legally cognizable damages claim.
90. To the extent legally authorized and supported by proof, Plaintiff seeks compensatory damages including damages up to $1,000,000, but Plaintiff does not contend that such amount is presently established or recoverable absent the required statutory authorization and evidence.

XVII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Accept jurisdiction over those claims and forms of relief authorized by federal law;

B. Declare the parties' respective rights and obligations to the extent declaratory relief is authorized;

C. Enter narrowly tailored prospective injunctive relief preventing unlawful interference with Plaintiff's legal correspondence if such interference is established;

D. Direct preservation of relevant USPS records to the extent authorized by law and the Federal Rules of Civil Procedure;

E. Permit appropriate discovery if this action proceeds beyond preliminary review;

F. Award Plaintiff actual and compensatory damages only to the extent authorized by law, supported by an applicable waiver of sovereign immunity, and proven by competent evidence;

G. Award recoverable costs;

H. Permit amendment if investigation, administrative proceedings, or discovery identify additional actionable conduct, responsible persons, legally cognizable claims, or damages; and

I. Grant such other relief as the Court determines just and lawful.

JURY DEMAND

Plaintiff demands a jury trial upon every issue for which a jury trial is legally available.

Respectfully submitted,

James R. Watson, Jr.
Plaintiff, Pro Se
102 Magnolia Drive
Florence, South Carolina 29506
Telephone: 843-687-1264
Email: jwattslive@gmail.com

Date: September 3rd, 2026